

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700          (973) 645-2700
Newark, NJ 07102

JLH & NFM /PL AGR

September 15, 2020

Rubin M. Sinins, Esq.
Javerbaum Wurgaft Hicks
Kahn Wikstrom & Sinins, P.C.
505 Morris Avenue
Springfield, N.J. 07081

Crim. No. 20-937 (SDW)

Re:  <u>Plea Agreement with Mark A. Filippone</u>

Dear Mr. Sinins:

This letter sets forth the plea agreement between your client, Mark A. Filippone, and the United States Attorney for the District of New Jersey ("the Office").

<u>Charge</u>

Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Mark A. Filippone to an Information charging him with knowingly and intentionally conspiring to knowingly and willfully receive illegal kickbacks and bribes in violation of the federal anti-kickback statute by receiving kickbacks and bribes in return for the referral of prescriptions, including pain cream prescriptions, for which payment was made in whole or in part under the federal workers' compensation benefits program administered by the Department of Labor, Office of Workers' Compensation Program, contrary to 42 U.S.C. § 1320a-7b(b)(1), in violation of 18 U.S.C. § 371.

If Mark A. Filippone enters a guilty plea and is sentenced on this charge to a term of imprisonment within the range of 0 to 16 months to be followed by three years of supervised release (the "Stipulated Sentencing Range"), and otherwise fully

complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Mark A. Filippone for, during the time period of in or about July 2015 through in or about July 2019, conspiring to receive bribes and kickbacks in exchange for steering prescriptions, including topical pain cream prescriptions, to pharmacies located in Morristown and Fair Lawn, New Jersey, for which payment was made by the Department of Labor, Office of Workers' Compensation Program. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Mark A. Filippone agrees that any dismissed charges and any other charges that are not time barred by the applicable statute of limitations on the date this agreement is signed by Mark A. Filippone may be commenced against him, notwithstanding the expiration of the limitations period after Mark A. Filippone signs the agreement.

In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence ranging from 0 to 16 months' imprisonment is reasonable based upon the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. §§ 5H1.1 and 5H1.4, to include, but not limited to, Mark A. Filippone's age, physical and medical conditions, and other circumstances.

Should the Court, pursuant to Rule 11(c)(5), at any time reject the plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Mark A. Filippone agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Mark A. Filippone, the sentencing judge: (1) will order Mark A. Filippone to pay an assessment of $100

2

pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Mark A. Filippone to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Mark A. Filippone, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583 must or may require Mark A. Filippone to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Mark A. Filippone be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mark A. Filippone may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and Mark A. Filippone agree that a sentence of imprisonment within the range of 0 to 16 months and a term of supervised release of three years is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence Mark A. Filippone within the range of 0 to 16 months' imprisonment and a term of supervised release of three years. If however, the sentencing judge rejects this plea agreement and the Stipulated Sentencing Range, Mark A. Filippone has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the Government also reserves the right to withdraw from the plea agreement.

Restitution

In addition, Mark A. Filippone agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

Monetary penalties imposed by the Court will be: (1) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (2) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

## Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), Mark A. Filippone agrees to forfeit to the United States all of his right, title, and interest in all property he obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 371 charged in the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

Mark A. Filippone waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Mark A. Filippone understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Mark A. Filippone waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Mark A. Filippone's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Mark A. Filippone further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Mark A. Filippone fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Mark A. Filippone has intentionally failed to disclose assets on his Financial Disclosure Statement, Mark A. Filippone agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mark A. Filippone by the sentencing judge, to correct any misstatements relating to the

4

sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Mark A. Filippone's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Mark A. Filippone agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

Moreover, this agreement to stipulate on part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mark A. Filippone from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

This Office and Mark A. Filippone agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Mark A. Filippone further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence

5

under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.  Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

## Immigration Consequences

Mark A. Filippone understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by mak    ing him deportable, excludable, or inadmissible, or ending his naturalization. Mark A. Filippone understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mark A. Filippone wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Mark A. Filippone understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Mark A. Filippone waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mark A. Filippone. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Mark A. Filippone.

6

No provision of this agreement shall preclude Mark A. Filippone from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Mark A. Filippone received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Mark A. Filippone and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Joshua L. Haber
Nicole F. Mastropieri
Assistant U.S. Attorneys

APPROVED:

Nicholas P. Grippo
Deputy Chief, Criminal Division

7

I have received this letter from my attorney, Rubin M. Sinins, Esq. I have read it. My attorney and I have discussed the letter and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date: Sept 29/2020
Mark A. Filippone



I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date: 9/29/20
Rubin M. Sinins, Esq.

8

## Plea Agreement With Mark A. Filippone

## Schedule A

1.     This Office and Mark A. Filippone agree to stipulate to the following facts:

     a.     From in or about January 2016 to in or about May 2019, Filippone knowingly and intentionally accepted bribes and kickbacks from individuals who owned, controlled, and worked at a pharmacy located in Fair Lawn, New Jersey (the "Fair Lawn Pharmacy"), including Joseph Vangelas, a/k/a Joseph Miller ("Miller"), Marlene Vangelas, and Zachary Ohebshalom.

     b.     Beginning in or about January 2016, as a bribe and kickback, Miller and Marlene Vangelas orchestrated the purchase of a property in Jersey City (the "Jersey City Premises") from Filippone at a time when Filippone was suffering significant financial distress and the Jersey City Premises was facing foreclosure. Filippone did not receive proceeds from that transaction, but it allowed Filippone to remain at, and continue using the Jersey City Premises.

     c.     Also as a bribe and kickback, Miller, Marlene Vangelas, and others allowed Filippone to use the Jersey City Premises rent free from in or about November 2017 to in or about May 2019, for both his business and personal use, including use by Filippone's family member. The rental value that Filippone received was between approximately $40,000 and $90,000.

     d.     While receiving these kickbacks and bribes, Filippone prescribed topical pain cream formulas (the "Pain Creams") through the Fair Lawn Pharmacy.

     e.     The vast majority of Filippone's patients who received the prescribed Pain Creams were those who received health care benefits from the Department of Labor, Office of Workers' Compensation program ("DOL-OWCP") for such prescriptions. Filippone and Miller agreed to this arrangement whereby prescriptions would be written only for DOL-OWCP patients.

     f.     At first, the Pain Creams consisted of compound pain cream ingredients that were mixed together at the Fair Lawn Pharmacy. In or about the fall 2016, in order to provide reimbursement for compound pain creams, DOL-OWCP began requiring doctors to complete a "Letter of Medical Necessity" (an "LMN") for each compound pain cream prescription. Filippone submitted an LMN for one prescription, which DOL-OWCP rejected. Filippone then stopped writing compound pain cream prescriptions.

g.      Filippone then switched to prescribing Pain Creams that did not require LMNs to receive reimbursement from DOL-OWCP. Unlike the compounded creams, these Pain Creams consisted of three separate components—such as transdermal cream, diclofenac, and lidocaine—that patients received in separate tubes or containers and were expected to combine by themselves. Miller and others at the Fair Lawn Pharmacy primarily selected these components without input from Filippone.

h.      Miller brought pre-printed prescription labels to Filippone to use for the Pain Creams. Filippone frequently used those prescription labels to write prescriptions to patients without changing the components in any way and irrespective of alternatives.

i.      Filippone knowingly and willfully accepted the bribes and kickbacks in return for continuing to prescribe and continuing to steer the Pain Creams to the Fair Lawn Pharmacy.

2